HARRIS STRUCTURAL STEEL COMPANY, INC., Plaintiff, *v.* PAUL CHAPMAN, Defendant.

Municipal Court of New York, Borough of Queens, Sixth District, June 5, 1937.

*Roberts B. Thomas* [*M. Harvey Smedley* of counsel], for plaintiff.

*Paul Chapman,* in person.

PETTE, J. In the instant case the plaintiff " withdrew " its cause of action prior to the submission of the entire case to the jury and the only issue submitted was the alleged counterclaim of the defendant, appearing in person. After the jury returned a verdict in favor of the defendant upon his counterclaim in the sum of $500, the verdict was duly set aside upon the plaintiff's motion and counterclaim dismissed.

The situation presents the question as to who is the prevailing party, entitled to costs.

It is my opinion that *neither* party is entitled to costs for the following reasons:

*First.* Plaintiff withdrew its cause of action prior to the submission of the issues to the jury and elected to proceed solely upon the issues raised by defendant's counterclaim. The plaintiff, therefore, did not have a cause of action upon which it could be the prevailing party and hence it was not entitled to statutory costs under section 164 of the Municipal Court Code.

The defendant was not the prevailing party since the jury's verdict in his favor has been set aside and his cause of action (counterclaim) dismissed. If the defendant had appeared by an attorney, then he would have been entitled to costs by authority of the decision of the Appellate Term, Second Department, in *Rozenoer* v. *Albright* (N. Y. L. J. June 27, 1936, p. 3282) which states: " Judgment unanimously modified on the law by eliminating the provision for costs to plaintiff and inserting that the plaintiff's complaint be dismissed upon the merits, that the defendant's counterclaim be dismissed without prejudice, and that the defendant recover appropriate costs in the court below, and as so modified affirmed, without costs of this appeal to either party. Appeal from order dismissed. The defendant is the prevailing party and is, therefore, entitled to statutory costs. No opinion."

In this case defendant appeared and defended *in person*. There is no authority under the Municipal Court Code for costs to a defendant, except where such party has appeared by counsel. (Mun. Ct. Code, § 164; *Tabachnick* v. *Brand*, 129 App. Div. 620, 2d Dept.)

In Lauer's famous work, " Municipal Court Practice " (2d ed. § 553) the rule is stated to be that costs are denied to a litigant who appears in person, based upon the sound reason that if he employs no counsel, he has undergone no expense for which he should be reimbursed.